Filed 7/29/16  P. v. Risch CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JEFFREY RISCH<br><br>    Defendant and Appellant. | B264550<br><br>(Los Angeles County<br>Super. Ct. No. SA085668) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Deborah C. Brazil, Judge.  Appeal dismissed.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Jeffrey Risch committed two crimes while on probation. In August 2014, he assaulted Domenick Convertino after Convertino's dog bit Risch's girlfriend. Risch lifted Convertino off the ground by the throat, struck him twice in the head with a baseball bat, and choked him from behind with the bat. When a witness pulled him away from Convertino, the victim ran away and hid, but 20 minutes later Risch found him and struck him multiple times with a rubber mallet. On February 12, 2015, Risch struck another victim several times and stole his bicycle.

Risch pleaded no contest to a charge of assault with a deadly weapon upon Convertino and admitted he had inflicted great bodily injury. (Pen. Code, §§ 245, subd. (a)(1), 12022.7.)[1] As to the second victim, he pleaded no contest to a charge of grand theft person. (§ 211.) Pursuant to a plea agreement, the trial court sentenced Risch to the upper term of four years in prison for the assault (§ 245, subd. (a)(1)) plus a consecutive three years for having inflicted great bodily injury (§ 12022.7, subd. (a)) and the middle term of eight months for the theft (§§ 18, 487, subd. (c), 1170.1, subd. (a)), for a total of seven years and eight months. His probation was terminated.

Without seeking or obtaining a certificate of probable cause (§ 1237.5), Risch timely appealed, challenging his sentence, the validity of his plea, and an unspecified "other" defect. We appointed counsel to represent Risch on appeal. After examining the record, appointed counsel filed an opening brief certifying he had found no issue for appellate review and asking this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436, 441-442.) On November 25, 2015, we sent letters to Risch and appointed counsel, directing counsel to forward the appellate record to Risch and advising Risch that within 30 days he could personally submit any contentions or issues that he wished us to consider. Counsel submitted a declaration confirming he had advised Risch of his right to file a supplemental brief. No such brief has been submitted.

We have examined the entire record and are satisfied that Risch's counsel has fully complied with the responsibilities set forth in *People v. Kelly* (2006) 40 Cal.4th 106,

---

[1] All subsequent statutory references will be to the Penal Code.

109-110 and *People v. Wende*, *supra*, 25 Cal.3d at page 441.  Risch's no-contest plea and failure to obtain a certificate of probable cause limit the potential scope of his appeal to "[g]rounds that arose after entry of the plea and do not affect the plea's validity" or "[t]he denial of a motion to suppress evidence under Penal Code section 1538.5."  (Cal. Rules of Court, rule 8.304(b); see § 1237.5.)  The record fails to demonstrate any such issue exists.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED.


CHANEY, Acting P. J.


WE CONCUR:



JOHNSON, J.



LUI, J.